UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HOWARD KATZ,
    Plaintiff

v.

Civil Action No. _____
JURY DEMANDED

JOE ROBERT MOGUS AND
ALL THAT GLITTERS, INC.
    Defendant.
-----------------------------------------------------------

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes HOWARD KATZ, Plaintiff in the above entitled and captioned matter, who respectfully prays for Judgment of this Honorable Court against defendant, as set forth in the following complaint, as follows:

1. Plaintiff, HOWARD KATZ, is a domiciliary of Brooklyn, New York, and transacts business in this District.

2.     Defendant herein is JOE ROBERT MOGUS AND ALL THAT GLITTERS, INC., also hereinafter be referred to as "MOGUS AND ALL THAT GLITTERS, INC." transacts and does business in the following places: 125 Ruff Grouse Rd Berkley Springs, West VA 25411; and PO Box 531, Berkley Springs, West VA 25411 and PO Box 602, Cross Junction VA 22625.

JURISDICTION OF THE COURT AND VENUE

3.     Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. *28 U.S.C. 1331*; Further, the matter in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states.

4. Plaintiff also asserts actions under states' laws, which may be brought within the supplemental jurisdiction of this Court, and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. *28 U.S.C. 1367.*

5. Venue is proper in this District as the Defendant resides in this judicial district. *28 U.S.C. 1391(b),(c).*

6. Plaintiff requests a trial by jury.

7. Over the past six years Defendant did request and receive from Plaintiff, various items of gold jewelry for the purpose of inspection and to show to Defendant's customers.

8. Said jewelry was often sold and Defendant would pay Plaintiff for the sold items, however, numerous items of jewelry remained with Defendant.

9. Plaintiff did demand that Defendant pay for the outstanding items and at the time of this complaint; the total sum due was $151,000.00, exclusive of any adjustment in the market fluctuations of the price of gold.

10. Defendant promised to pay the outstanding balance and did make periodic payments from time to time.

11. Demand for payment has been made by Plaintiff upon defendant and defendant has refused to pay.

## COUNT TWO

12. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this complaint in Count One with the same force and effect as if herein fully set forth.

13. Said sum due to plaintiff constitutes an account stated.

14. Demand for payment has been made by me upon defendant and defendant has refused to pay.

### COUNT THREE

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this complaint in Count One and Count Two with the same force and effect as if herein fully set forth.

16. Defendant did breach his promise to pay pursuant to the retainer agreement.

17. Demand for payment has been made by me upon defendant and defendant has refused to pay.

WHEREFORE Plaintiff demands judgment against Defendant:

    a) in the amount of $151,000.00 Dollars against the Defendant;

    b) for costs and counsel fees;

    c) for such other relief as the Court deems equitable and just.

Dated: January 19, 2006
       Spring Valley, NY

/s/ _____
Shmuel Klein, Esq. sk-7212
Law Offices of Shmuel Klein, P.C.
268 Route 59
Spring Valley, NY 10977
(845) 425-2510