Page 1

Sept 1/2007

Case CV06057...

To the Court, Honorable Judge Irizarry,

(comments arrived to me Sept 26)

I want to respond to the attorney Klein's comments to this court which I have just recently received. I will attempt to be succinct.

First I want to put in context the writing of a will, my will.

IN 1999 I was diagnosed by Doctor J Richard Sears of Winchester Medical Center, Virginia with liver cancer, this a terminal diagnosis. This diagnosis was essentially corroborated by Doctor Rujah Rie of Johns Hopkins Hospital. For a 6 month period, period November 1999 to April 2000 I endured numerous tests examinations - numerous. Ultimately the Sears-Rie diagnosis was contradicted by Dr. Marie Borem of George Washington Hospital in Washington D.C. - "some anomalies but you are fine" she apologized for the medical community. Sears & Rie never did!

(All Documented)

During this period, I did, at his urging, make a will that prioritized Mr Katz - as he asked! I eventually was put on psycho-active medication by my local Doctor, Dr. Rick Graves. I saw a psychologist for a period of time, Gary McDaniel, about 18 months. This was very difficult!

If by placing Katz in my will at this time jeopardized my business standing as an incorporated business (for essentially 20 years) I

(CC All to attorney Klein)

was not aware of it. I never renounced corporate privelige to my knowledge. As a layman I have limited knowledge of the law. This was

\* <u>obviously the worst period of my life</u>, my mother and I planned my own funeral. Wills are only executed because of death, I am alive! Also to establish context I want to make this point. My livelihood was dependent, totally on Mr Katz and his continuing in sending jewelry items - should he stop, I was essentially out of business - he knew this, I knew this, <u>in plain English</u>. <u>Katz had a lot of leverage</u>, he was in the drivers seat. he asked for a will, a statement of debt, and I understood this, under these bizarre circumstances I complied. I had no intention of changing corporate status. Now that I have established some context to these events I will attempt to address, again succinctly points in dispute -

## <u>Venue</u>

note A exhibit

Regarding venue and appropriateness of this court venue - Attorney Klein in a three way conversation including myself and magistrate Judge Orenstein - called this a typo, a typo-! <u>typographical error? or is this a deliberate false statement to the court</u>, this court -? The court can decide!

I will add, Atty Klein was pressed repeatedly

repeatedly to name another, any other statute of the law that would in fact qualify this venue Attorney Klein seemed not, unable to respond - he did not respond satisfactorily - The Magistrate Judge Orenstein then stayed "Discovery process noting," <u>until venue is resolved</u>."

Again (note exhibit) I am & said to reside in jurisdiction of this court yet I was contradictorily served with complaint at my home in Berkeley Springs West Virginia, my residence since 1998 - <u>can this be explained</u>?

Attorney Klein lists places of doing business I submit to the court does any include New York - ? It does not - <u>clearly does not</u>!

Mr Katz does have I'm sure a New York business certificate - I or All That Glitters never have - <u>never</u> did business, <u>never</u> owned property, <u>never</u> resided - not set foot in New York City or State in many years - best recollection since 1999 or 2000 - the Trade Towers still stood.

Mr Klein mentions an expectation of legal action in this venue. This is untrue, I had none! Over the years I initiated legal cases (for bad checks) my collection attorney, Willard Bloom careful to do so in the appropriate venue - where the defendant actually <u>did reside</u> - to do otherwise, Mr Bloom explained put the defendant in a situation of undo hardship, inconvenience "- a 3 hour drive to West Virginia

(margin notes: Type? Note exhibit Note exhibit)

Page 4

note exhibit

Typographical Error? or a deliberate false statement (the question of residence) I am trusting the court to decide.

I want to conclude this venue issue by saying I lived my <u>entire life</u> in the Middle Atlantic Region - within a radius of a few hundred miles - I intend to be here, in Oregon the rest of my life, I obviously did not move to escape these proceedings - I have stayed in touch with the Court & Atty Klein as Pro Se' said I should - giving both phone and address. I have struggled to comply, I have!

This dispute is not new - Mrs Katz could have filed appropriately in Federal Court in West Virginia - Martinsburg - 4 to 5 hours from New York by car - had this been done, done appropriately in proper venue this would now, this legal case been concluded, <u>IN the proper venue!</u>

*  <u>The Plaintiff lives a few miles from the courthouse he wants his, It seems his court date and his convenience too!</u> and my convenience?

Should this case even have been before this Court? the predicate for venue a "typographical error" admitted described by its author.

# The Debt

I will state the amount claimed is as if the Plaintiff picked it from a hat - just a number - note it is rounded off - $151,000 Mr Katz <u>never sent</u> a yearly statement, <u>never sent</u> a quarterly or monthly statement indeed he <u>never sent any statement</u> at all. He did not and <u>would not</u> - unbelievably, when I wrote and asked to see anything something - he would not send - He can not produce a copy of any billing or comprehensive statement - excepting individual invoices he ever sent - He <u>cussed me</u> when I asked!

*He sent zero corroboration*

\* There is no record, no chronology of business, of the debt. <u>**NONE Never Was**</u>

In 1999 I did sign an agreement, that amount due was in excess of $250,000 - we rounded it off - <u>a guesstimate</u> - he could provide no figures specifically - <u>He wasn't sure what was owed</u> - no statements, no bills ever - This was how he conducted business - Banks and Credit Card Companies send out millions of statements monthly to the penny - He would not send even when I wrote repeatedly and requested. The obvious question is why? Why would he not send?

I offered to meet him halfway in Harrisburg Pennsylvania, State College Pennsylvania

I invited him to my home to begin sorting things out. He absolutely refused!

*to effect Klein says this* → Note in his response Attorney Klein makes the point "nothing to discuss" - I wanted to discuss honestly what was owed. Every attempt was ignored - A lawsuit in Federal Court I feel should be the last resort after all others have been exhausted, not your first option!

Prior to the scheduled telephone conference of June 21 - I made as ordered, I believe 4 attempts to to contact the Plaintiffs attorney, Klein - by fax and by mail - I offered to meet him in Harrisburg Pennsylvania - halfway - he never responded as we were ordered to - we were to discuss evidence for this case - In retrospect I can understand this, there really is no clear unequivocal evidence that any sane person could understand - no chronology of debt, no records shared, no statements - what there is, 20 years of invoices, 20 years of canceled checks, 20 years of returns, memos, *are there?* → 20 years of postal receipts to corroborate - all of this convoluted, disconnected, disheveled!

I honestly feel given this chaos the question isn't whether this case is appropriate in this court venue but rather is there a case at all, appropriate in any venue!

Sincerely
Joe R Mosus
Joe R Mosus

PS. Next page

..., and PO Box 531, Berkley Springs, West VA 25411

at *(West Virginia where I resided)*

## JURISDICTION OF THE COURT AND VENUE

3. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. *28 U.S.C. 1331.* Further, the matter in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states.

Exhibit A

Page 7

PS.
I want to clarify with regard to the attorney Miss Reiman. She reviewed the complaint, we discussed it - she said she would respond to the complaint. I could not reach her for perhaps 10 days - she called me, explained she was sorry to be hospitalized and apologized for not being able to represent me. that was it, the extent - I sympathize with her illness I really wish she could have represented me. We had a verbal agreement not a written one, I'm not sure why Attorney Klein raised this issue, what point made?

Thank You

Joe R Mogua



PPS Attorney Reiman did review the complaint and she characterized it as an effort to, one, <u>frighten</u> me and two, <u>inconvenience me</u> - this was her conclusion!

### Addendum

Late 1999 - the rounded off $ estimate of $250,000 outstanding - we arrived at - this period late 1999 - which paralleled my terminal diagnosis represented the high water mark of outstanding balance - late 1999 - after that the balance declined swiftly and substantially - Katz can not deny this - he also received back <u>hundreds</u> of gold & precious items in 2005 - <u>He never sent a credit</u> nothing ever not one dollar acknowledged.

Page 8

## Addendum – Continued

Regarding credit card payments - I was asked by Katz in mid 90s to borrow and inject into business inventory, tens of thousands of dollars, I did what he wanted - the payments were to repay this debt. I have always led a frugal life - prior to this massive borrowing I owed about $4000 in credit card debt. I just wanted to clear up, debt not due to wild spending, due to his (Katz) request! He begged me to do this borrowing!

* Exhibit

Lastly, were not the statements in the original complaint specifically regarding Defendant residence and the dollar figure of $151,000 even, as outstanding, were not these made under oath, under penalty of perjury - both of these are beyond inaccurate! So now what to do about the statements?

Joe R Moges

herein is JOE ROBERT MOGUS AND ALL THAT GLITTERS, hereinafter be referred to as "MOGUS AND ALL THAT GLIFTERS, INC."

business in the following places: 125 Ruff Grouse Rd West VA 25411; and PO Box 531, Berkley Springs, West VA 25411 Cross Junction VA 22625.

OF THE COURT AND VENUE

respectfully asserts that this Honorable Court has jurisdiction in this case at law. 28 U.S.C. 1331. Further, the matter in controversy exceeds

exclusive of costs and interest and the parties to these proceedings are different states.



Exhibit C

I was served at 125 Ruff Grouse West Virginia where I resided

2. Defendant herein is JOE ROBERT MOGUS AND ALL THAT GLITTERS, INC., also hereinafter be referred to as "MOGUS AND ALL THAT GLITTERS, INC." transacts and does business in the following places: 125 Ruff Grouse Rd Berkley Springs, West VA 25411; and PO Box 531, Berkley Springs, West VA 25411 and PO Box 602, Cross Junction VA 22625.

## JURISDICTION OF THE COURT AND VENUE

3. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. *28 U.S.C. 1331.* Further, the matter in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states.

Exhibit B

*I was served at 125 Ruff Grouse West Virginia where I reside*

*[handwritten: exhibit]*

4. Plaintiff also asserts actions under states' laws, which may be brought within the supplemental jurisdiction of this Court, and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. *28 U.S.C. 1367.*

5. Venue is proper in this District as the Defendant resides in this judicial district. *28 U.S.C. 1391(b),(c).* *[handwritten: Ch Reilly! I do not!] [handwritten: Typo false statement? Another Typo perhaps]*

6. Plaintiff requests a trial by jury.

— Over the past six years Defendant did request and receive from Plaintiff, various ms of gold jewelry for the purpose of inspection and to show to Defendant's customers. *[handwritten: 20 yews not 6 yew]*

Said jewelry was often sold and Defendant would pay Plaintiff for the sold items, however, numerous items of jewelry remained with Defendant. *[handwritten: Never heard of saw this]*

Plaintiff did demand that Defendant pay for the outstanding items and at the time of complaint; the total sum due was $151,000.00, exclusive of any adjustment in the market fluctuations of the price of gold. *[handwritten: amount]*

*[handwritten: Exhibit E]*