UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
HOWARD KATZ

       Plaintiff                                 Case No. 07-CV-8314

vs.

JOE ROBERT MOGUS
ALL THAT GLITTERS, INC.
------------------------------------------------------x

## AFFIRMATION IN OPPOSITION TO DEFENDANT MOGUS'S MOTION(S) TO DISMISS

       I, Shmuel Klein, counsel for the Plaintiff herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

       1.      On September 29, 2007, the instant action was transferred from the Eastern District of New York to this District, pursuant to the Order of Honorable Judge DORA L. IRIZARRY, dated September 7, 2007. (See Exhibit "A" attached hereto).

      2.      In the Order, the Judge DENIED Defendant's Motion to Dismiss based on lack of subject matter jurisdiction and improper venue, finding that subject matter Jurisdiction belongs in the Southern District of New York since sufficient business activity involving allegations of the Complaint occurred in Manhattan.

      3.      Notwithstanding the Honorable Judge Irizarry's Order, Defendant, Joe Mogus filed in this Court on October 10, 2007, a "Motion for Dismissal case 07-SIV-008314 Evidence Presented Regarding Jurisdiction Inappropriate Too Old Beyond Time Limit Ureasonably Old" (sic); a "Motion to Dismiss this Case 07 SIV 008314 as Evidence Presented by Plaintiff False falsified and Untrue and Contradictory,

Manipulated. This Warrants Dismissal." (sic); and a "Motion for Dismissal case 07 SIV 008314 Due to Lack of Presence in this Jurisdiction Minimal, Not Substantial Part of Business Done". (sic).

4. In a telephone conference on November 5, 2007 The Honorable Judge Kevin Nathaniel Fox advised Defendant Mogus to determine which of the three motions he filed, raises a previously undecided issue which remains to be resolved in this action, and that he should withdraw the Motions which were already decided in the Eastern District Court of New York, or face rule 11 sanctions.

5. The Court also signed an Order on November 6, 2007, requesting Defendant Joe Mogus advise the Court on or before November 13, 2007 which of the Motions he will withdraw because they were already decided in the Eastern District Court of New York.

6. On or about November 9, 2007, defendant Mogus sent an undated letter to the Court stating that he is "willing to withdraw the motions regarding the conduct of Attorney Kline (sic)," but, "can not withdraw the 3 other motions filed."

7. Defendant Mogus contends that the issues in these Motions are serious. Defendant again brings up the issues of Jurisdiction, the alleged falsification of the evidence and the age of the evidence.

8. Judge Irizarry made it clear in her September 7, 2007 Memorandum and Order that Jurisdiction is proper in the Southern District of New York. This issue was already determined and therefore is the legal authority in this matter.

9. Defendant Mogus did not withdraw his Motions, despite the Court's Order for him to do so.

10. Defendant claims that the Plaintiff's documents are "falsified" and "manipulated". However, Judge Izzary, in the Order dated September 7, 2007, ruled that "There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." And found that Defendant's statements "do not demonstrate "to a legal certainty" that Plaintiff cannot recover $151,000". Judge Izzary thereby denied Defendant's Motion to dismiss and transferred the case to the Southern District Court, the instant action.

11. Defendant contentions establish a dispute of material facts, which does not warrant a dismissal or Summary Judgment under Rule 56. If Defendant intended his motion to be pursuant to Rule 12b(6), it is also improper in that Plaintiff stated valid claims in the complaint, all of which was previously decided and is now the law of this case.

12. As a result of having to write this Opposition, and research and write the Memorandum of Law, I have spent four hours of my time. My current hourly rate is $450.00 an hour, and request is made for sanctions and attorneys fees in the amount of $1,800.00.

WHEREFORE, It is respectfully requested that Defendant's Motion(s) to Dismiss should be denied in their entirety and that Plaintiff be awarded his reasonable attorneys fees and costs in opposing these motions.

DATED: January 21, 2008
    Spring Valley, NY    _____/s/_____
                                     Shmuel Klein (SK 7212) Fed Court Only
                                     Law Office of Shmuel Klein, PC
                                     Attorneys for Plaintiff
                                     268 ROUTE 59
                                     Spring Valley, NY   10977
                                     (845) 425-2510