UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HOWARD KATZ

       Plaintiff                                  Case No. 07-CV-8314

vs.

JOE ROBERT MOGUS
ALL THAT GLITTERS, INC.
-------------------------------------------------------x

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MOGUS'S MOTION(S) TO DISMISS

## Introduction

      This Memorandum of Law is submitted in opposition to Defendant's Motion(s) to Dismiss this action. Defendant lacks any basis for his Motion(s), which are based on mere contentions of fact, and issues which were previously decided by the Court. Plaintiff's complaint contains well grounded allegations of fact and law which Plaintiff asserts against Defendant Joe Mogus and All That Glitter, Inc. The Motion(s) must be denied. Plaintiff's complaint should not be dismissed.

## Statement of Facts

      Plaintiff hereby incorporates the facts contained in the Affirmation in Opposition to Defendant Mogus's Motion(s) to Dismiss and the Affirmation of Howard Katz.

## Discussion

**A. Defendant's Motion(s) to Dismiss for Lack of Jurisdiction is Barred by the Doctrine of Res Judicata and Collateral Estoppel.**

The Honorable Judge Dora Izarry Ordered that the case should be transferred to this Court. In so ruling, she has established that Jurisdiction does exist in New York, in this Southern District.

Despite the previous ruling, Defendant again attempted to challenge Jurisdiction. Furthermore, this Court issued an Order dated November 6, 2007, wherein Defendant was Ordered to review which Motion he will withdraw, because it raises issues already decided, and notify Plaintiff's counsel by November 13, 2007, which Motion(s) he will be withdrawing.

Defendant is barred by the doctrine of Res Judicata and Collateral Estoppel from raising his Jurisdictional Claims. See Sassower v. Abrams, 833 F.Supp. 253 (S.D.N.Y., 1993), "Collateral estoppel is a narrower doctrine that bars "`a party from relitigating "an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point."'" (quoting Khandhar v. Elfenbein, 943 F.2d 244, 247 (2d Cir.1991) (citations omitted.)) The doctrine of collateral estoppel applies when an issue was necessarily and conclusively determined in a prior proceeding and the party to be bound had a full and fair opportunity to litigate the issue. *See Khandhar,* 943 F.2d at 247.

Issue preclusion applies where:

(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

Defendant is barred from raising the Jurisdictional disputes as this matter has already been litigated and decided upon Order of Judge Izzary.

Furthermore, in not withdrawing his motion(s), Defendant is in contempt of this Court's Order Dated November 6, 2007. Defendant failed to withdraw any of his motions. Defendants conduct in repeatedly refiling the same Motions, which were already decided and which lack any basis, is sanctionable. Plaintiff is prejudiced by the delay and Defendants' endless ploys to stall this case and spend Plaintiff's money for attorney's fees.

**B. Defendant's Motion to Dismiss "As evidence presented by Plaintiff is False, Falsified and Untrue, Contradictory, Manipulated" Lacks a Basis.**

It is unclear if the Defendant filed his motion to dismiss "As evidence presented by Plaintiff is False, Falsified and Untrue, Contradictory, Manipulated" pursuant to FRCP 56 or pursuant to FRCP 12b(6). However, Defendants Motion to Dismiss fails to satisfy the standards required to file either Motion, thus lacking basis. Defendant's Motion must be denied.

LEGAL STANDARDS FOR A RULE 12b(6) MOTION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. _Browning v. Clinton_, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. _Kingman Park Civic Ass'n v. Williams_, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and _Conley v. Gibson_, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to

disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242.

Plaintiff produced proper evidence. He did not falsify any reciepts or documents as alleged by Defendant. Plaintiff did not "manipulate" any evidence. Since the Court must treat the factual allegations of the Complaint as true in ruling on a 12b(6) Motion, Defendants motion is irrelevant and fails to state any basis for dismissal. Accordingly, Defendants Motion must be denied.

## LEGAL STANDARDS FOR A RULE 56 MOTION FOR SUMMARY JUDGMENT

Where a dispute of fact exists, summary judgment is inappropriate. Rule 56 of the Federal Rules of Civil Procedures governs summary judgment motions in civil proceedings. Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on a particular issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). With a motion for summary judgment, the burden rests on the moving party to demonstrate that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Additionally, in ruling on a motion for summary judgment, the Court is required to draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment. See, e.g., *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14, 91 L.Ed.2d 202 (1986); *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir.1995). The function of the Court in considering the motion for summary judgment is not to resolve disputed issues of fact but only to determine whether there is a genuine issue to be tried. See, e.g., *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513-14; *Eastman Machine Co. v. United States*, 841 F.2d 469, 473 (2d Cir.1988). Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment. See, e.g., Fed R. Civ. P. 56(e) 1963 Advisory Committee Note; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513-14; *United States v. Rem*, 38 F.3d 634, 644 (2d Cir.1994); 6 Moore's Federal Practice p 56.02, at 56-45 (2d ed.1986). Any weighing of the evidence is the prerogative of the finder of fact, not an exercise for the court on summary judgment. See, e.g., *Frito-Lay, Inc. v. Morton Foods, Inc.*, 316 F.2d 298, 301 (10th Cir.1963).

Thus, Defendant's motion, raising the issue of disputed facts, cannot be determined on summary judgment and must be denied.

### C. Attorneys Costs and Fees

Defendant's motions are frivolous. Defendant is in contempt of Court. He failed to withdraw the Motions in bad faith. Defendants conduct in repeatedly refiling the same motions, which were already decided and which lack any basis, is sanctionable. Plaintiff is prejudiced by the delay and Defendants' endless ploys to stall this case and spend Plaintiff's money for attorney's fees. Plaintiff is entitled to compensation of all attorneys fees and costs expanded in opposing Defendants Motions.

### Conclusion

WHEREFORE, It is respectfully requested that Defendant's Motion(s) to Dismiss should be denied in their entirety and that Plaintiff be awarded his reasonable attorneys fees and costs in opposing these motions in the amount of $1,800.00 plus sanctions as the Court may determine.

DATED: January 21, 2008
    Spring Valley, NY

_____/s/_____
Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY   10977
(845) 425-2510