```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HOWARD KATZ,                                  :
                                              :
                    Plaintiff,                :         MEMORANDUM AND ORDER
                                              :
          -against-                           :         06-CV-0574 (DLI) (JO)
                                              :
JOE ROBERT MOGUS and ALL THAT                 :
GLITTERS, INC., pro se,                       :
                                              :
                    Defendants.               :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

In this breach of contract action, *pro se* defendants Joe Robert Mogus and All That Glitters, Inc. ("Defendants") move for dismissal on the grounds of lack of subject matter jurisdiction and improper venue. For the reasons stated below, Defendants' motion to dismiss based on lack of subject matter jurisdiction is denied. Notwithstanding that venue in this district is improper, the court declines to dismiss the instant action based on improper venue and instead directs that this case be transferred to the Southern District of New York.

**I.      Background**

Plaintiff Howard Katz ("Plaintiff") is in the business of selling jewelry to retail businesses that, in turn, re-sell the jewelry to individual customers. Plaintiff is a domiciliary of Brooklyn, New York, and he transacts business in New York City. Defendant All That Glitters, Inc., a company incorporated by defendant Mogus outside of New York,[1] is a jewelry retailer. Mogus is apparently the sole owner and employee of All That Glitters, Inc.

---

[1] It appears that All That Glitters, Inc. was incorporated in Maryland and/or West Virginia, though this is not clear from the parties' submissions.

1

For about twelve years, Plaintiff and Defendants engaged in the sale and purchase of jewelry. Plaintiff would give Defendants certain jewelry items according to the terms of signed memoranda. Under their contractual arrangement, Defendants would either sell the jewelry and pay part of the profits to Plaintiff, or Defendants would return the jewelry to Plaintiff.

Plaintiff now claims that he gave Defendants certain jewelry items, allegedly valued at approximately $151,000, that Defendants failed to return or pay for as agreed.

## II. Discussion

### A. Subject Matter Jurisdiction

Under the diversity statute, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) Citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state."[2] 28 U.S.C. § 1332(a) (2007). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am. Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. The Equitable Life*

---

[2] Defendants also allege that jurisdiction in this court is improper because Plaintiff is not a United States citizen but is, instead, a Canadian citizen. 28 U.S.C. § 1332(a) states that, "[f]or the purposes of this section . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." While there is no evidence in the record on this point, Defendants have not challenged jurisdiction on the ground that Plaintiff is not "an alien admitted to the United States for permanent residence." In the absence of any evidence in this regard, the court will not presume that Plaintiff is not a "citizen" of New York, as the term is defined in 28 U.S.C. § 1332(a), particularly given that both parties appear to agree that Plaintiff has resided in Brooklyn for at least twelve years or more. In the event that evidence pertinent to this issue should surface in the future, Defendants may, if appropriate, move the court to dismiss at that time.

*Assurance Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted). To overcome the presumption, a party need only "show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id.* (citation omitted).

Plaintiff alleges that the amount Defendants owe him under their contract is approximately $151,000. (Compl. ¶ 9.) Defendants deny that the amount in question exceeds $75,000 and ask the court "to require Plaintiff, Mr. Katz to provide this court with some proof, a modicum of proof, that the contended amount, (alleged amount owed) does actually qualify in that exceeds 75,000 dollars." (Doc. #43, filed 12/13/2006.) Defendants further state that "Mr. Katz never also sent a bill to my business All That Glitters Inc - he refused to send a bill." (Doc. #43, filed 12/13/2006.) These statements do not demonstrate "to a legal certainty" that Plaintiff cannot recover $151,000. Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

**B.     Other Jurisdictional Issues**

Defendants challenge venue as improperly laid in the Eastern District of New York (the "EDNY"). Plaintiff concedes that the EDNY is not a proper venue, and consents to have this case transferred to the Southern District of New York (the "SDNY"), where, according to Plaintiff, venue is proper. Defendants do not appear to dispute that the SDNY is a proper venue, though this is not entirely clear. (*See* Doc. #42, filed 12/18/2006.)

If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, this court declines to dismiss the instant action and opts to transfer it to a district where venue is proper. Before transferring the action to the SDNY as Plaintiff requests, however, the court must first determine (1) whether Defendants are subject to personal jurisdiction by a court

3

sitting in the state of New York and (2) whether venue is proper in the SDNY.

### 1. Personal Jurisdiction

In a diversity action, personal jurisdiction over a defendant is determined by the law of the forum state. *Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). The burden is on the plaintiff to demonstrate that jurisdiction is proper. *Id.* If the court makes its determination based on the pleadings and affidavits, the plaintiff need only make a *prima facie* showing of the court's jurisdiction over the defendant. *KIC Chems, Inc. v. ADCO Chem. Co.*, 95 Civ. 6321 (MBM), 1996 U.S. Dist. LEXIS 3244, at *7 (S.D.N.Y. Mar. 19, 1996); *see also Cutco Indus., Inc.*, 806 F.2d at 365. However, in the event that the defendant disputes material facts, the court should hold an evidentiary hearing, and the plaintiff's burden is to establish jurisdiction by a preponderance of the evidence. *Id.* In the case currently before the court, there has been no hearing, and the court thus examines the undisputed facts in the record to determine whether Plaintiff has made a *prima facie* showing of proper jurisdiction.

Under New York's long-arm statute, Rule 301 of the New York Civil Practice Law and Rules ("C.P.L.R."), jurisdiction is proper in New York if the defendant is "present" in the state, *i.e.*, "doing business" in the state. *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 715-16 (E.D.N.Y. 1996) (citation omitted). A defendant is "doing business" in New York if he or she is engaged in "a continuous an[d] systematic course of business" within the state. *Id.* at 716 (citation omitted). Here, All that Glitters, Inc. is not a New York corporation, and Plaintiff does not allege that Defendants have engaged in a continuous and systematic course of business in New York. Accordingly, C.P.L.R. 301 does not provide a basis for New York courts to exercise personal jurisdiction over Defendants.

4

Alternatively, under C.P.L.R. 302(a)(1), jurisdiction over a nondomiciliary is proper in New York "if two conditions are met: first, the nondomiciliary must 'transact business' within the state; second, the claim against the nondomiciliary must arise out of that business activity." *Cutco Indus., Inc.*, 806 F.2d at 365 (citation omitted). A nondomiciliary has "transacted business" in the state "when he purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *Id.* (bracketed language in original). In determining whether a nondomiciliary has transacted business within New York, the court must consider "the totality of all defendant's contacts with the forum state." *Id.*

Plaintiff alleges that he met with Mogus, in his capacity as owner and operator of All That Glitters, Inc., in New York[3] on the following dates: February 26, 1993; November 18, 1993; January 17, 1994; and July 27, 1998. (*See* Katz Affirm. ¶¶ 1-4.) On each occasion, Plaintiff claims that he gave Mogus "jewelry merchandise," together totaling $28,202.62, for examination and inspection. *See* Katz Affirm. ¶ 1-4.) According to Plaintiff, Mogus agreed, in each instance, to purchase the jewelry items or return them to Plaintiff, but Mogus failed to do so. (*See* Katz Affirm. ¶ 1-4.) In support of his allegations, Plaintiff presents four invoices, signed or initialed by Mogus, reflecting the claimed meeting dates and itemizing jewelry items whose combined value totals $28,202.62. (*See* Katz Affirm. Exs. A-D.)

Mogus concedes that he met with Plaintiff on two occasions in the borough of Manhattan, apparently on January 17, 1994 and July 27, 1998. (Mogus Statements, Doc #41, filed 12/14/2006.) He further does not contest that, during these meetings, he conducted business with Plaintiff. Mogus

---

[3]Plaintiff does not contest that, whenever Plaintiff and Mogus met in New York, it was in Manhattan.

does not recall meeting with Plaintiff on February 26, 1993 or November 18, 1993. However, Mogus has not provided evidence to challenge Plaintiff's *prima facie* showing that Mogus conducted business with Plaintiff in Manhattan on these two other occasions.

Moreover, a portion of Mogus' alleged contract damages ($28,202.62) arise out of the business purportedly conducted at the Manhattan meetings. Accordingly, Plaintiff has made a *prima facie* showing that Defendants "transacted business" in New York and are thus subject to personal jurisdiction by New York courts.

### 2. Venue

The civil venue statute states that, in a case in which jurisdiction is premised on diversity of citizenship, venue is properly laid "in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a). Venue may be proper in more than one district, "as long as 'a substantial part' of the underlying events took place in those districts." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005). "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Daniel v. United States*, 428 F.3d 408, 432-33 (2d Cir. 2005). Under this standard, "for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co.*, 417 F.3d at 357 (emphasis in original).

Here, as discussed above, Plaintiff claims that $28,202.62 of its total alleged damages of $151,000 arose from business meetings conducted between Plaintiff and Mogus in Manhattan. It

is not clear to this court, based on Plaintiff's submissions, where the remainder of Plaintiff's and Mogus' business transactions were conducted (*i.e.*, where negotiations occurred, where contract(s) were entered into, or where other jewelry sales and purchases took place). Defendants allege that Plaintiff traveled to meet Mogus in Virginia Beach, Virginia, and Philadelphia, Pennsylvania, on some occasions, apparently in order to conduct business. It further appears that business may have been carried out via the telephone or the mail. In any event, as a number of meetings occurred in Manhattan, allegedly giving rise to almost one-fifth of the claimed damages, this court finds that significant events material to Plaintiff's claim occurred within the SDNY sufficient to justify venue in that district.

### III. Conclusion

Defendants' motion to dismiss based on lack of subject matter jurisdiction and improper venue is denied. However, because venue is improper in this district, the court directs the Clerk of the Court to transfer this matter to the Southern District of New York.

The Clerk of the Court is further directed to mail a copy of this order to *pro se* Defendants by certified mail with return receipt. Service on Plaintiff by posting this order electronically shall suffice.

SO ORDERED.

DATED:   Brooklyn, New York
         September 7, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge