UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
HOWARD KATZ

     Plaintiff                            Case No. 07-CV-8314

vs.

JOE ROBERT MOGUS
ALL THAT GLITTERS, INC.
------------------------------------------------------x

## NOTICE OF MOTION FOR SANCTIONS

**TO ALL PARTIES:**

    **PLEASE TAKE NOTICE** that, a motion will be made as set forth below:

| | |
|---|---|
| JUDGE: | Honorable Kevin Nathaniel Fox |
| RETURN DATE AND TIME: | Tuesday, February 28, 2008 10:00am Or as soon thereafter as same may be heard |
| PLACE: | United States District Court Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007-1312 |
| RELIEF REQUESTED: | Sanctions upon Defendant Joe Mogus |
| BASIS FOR RELIEF REQUESTED: | FRCP 11 |

DATED: February 6, 2008
Spring Valley, NY

           ___/s/_____
           Shmuel Klein (SK 7212)
           Law Office of Shmuel Klein, PC
           Attorney for Plaintiff
           268 ROUTE 59
           Spring Valley, NY  10977
           (845)425-2510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
HOWARD KATZ

       Plaintiff                                Case No. 07-CV-8314

vs.

JOE ROBERT MOGUS
ALL THAT GLITTERS, INC.
------------------------------------------------------x

### AFFIRMATION IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS UPON DEFENDANT MOGUS FOR FILING A FRIVOLOUS MOTION AND FOR CONTEMPT OF COURT

      I, Shmuel Klein, counsel for the Plaintiff herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

      1.      In a telephone conference on November 5, 2007, The Honorable Judge Kevin Nathaniel Fox advised Defendant Mogus to determine which motion of the three motions he filed, if any, raises a previously undecided issue which remains to be resolved in this action, and that he should withdraw the Motions which were already decided in the Eastern District Court of New York.

      2.      The Court also signed an Order on November 6, 2007, requesting Defendant Joe Mogus to advise the Court on or before November 13, 2007 which of the Motions he will withdraw because they were already decided in the Eastern District Court of New York.

      3.      On or about November 9, 2007, defendant Mogus sent an undated letter to the Court stating that he is "willing to withdraw the motions regarding the conduct of Attorney Kline (sic)," but, "can not withdraw the 3 other motions filed."

4.    Defendant Mogus contends that the issues in these Motions are serious. Defendant again brings up the issues of Jurisdiction, the alleged falsification of the evidence and the age of the evidence.

5.    Judge Irizarry made it clear in her September 7, 2007 Memorandum and Order that Jurisdiction is proper in the Southern District of New York. This issue was already determined and therefore is the legal authority in this matter.

6.    Defendant Mogus did not withdraw his Motions, despite the Court's Order for him to do so. Defendant should be sanctioned for his contempt of the Court's Orders.

7.    Defendant's motions are frivolous and were filed in bad faith. Plaintiff is being prejudiced by such delay and Defendants' endless ploys to delay this case and spend Plaintiff's money for attorney's fees.

8.    On September 29, 2007, the instant action was transferred from the Eastern District of New York to this District, pursuant to the Order of Honorable Judge DORA L. IRIZARRY, dated September 7, 2007.

9.    In the Order, the Judge DENIED Defendant's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction and Improper Venue, finding that subject matter Jurisdiction is in the Southern District of New York since sufficient business activity involving allegations of the Complaint indeed occurred in Manhattan.

10.    Notwithstanding the Honorable Judge Irizarry's Order, Defendant, Joe Mogus, filed, in this Court on October 10, 2007, a "Motion for Dismissal case 07-SIV-008314 Evidence Presented Regarding Jurisdiction Inappropriate Too Old Beyond Time Limit Ureasonably Old" (sic); a "Motion to Dismiss this Case 07 SIV 008314 as Evidence Presented by Plaintiff False falsified and Untrue and Contradictory,

Manipulated. This Warrants Dismissal." (sic); and a "Motion for Dismissal case 07 SIV

008314 Due to Lack of Presence in this Jurisdiction Minimal, Not Substantial Part of

Business Done". (sic).

WHEREFORE, It is respectfully requested that the Court impose sanctions upon

Defendant pursuant to FRCP, Rule 11; that Motion(s) to Dismiss should be denied in

their entirety and that Plaintiff be awarded his reasonable attorneys fees and costs in

opposing these motions in the amount of $1,800.00 plus $10,000.00 sanctions.


DATED: February 6, 2008
    Spring Valley, NY

                           _____/s/_____
                           Shmuel Klein (SK 7212) Fed Court Only
                           Law Office of Shmuel Klein, PC
                           Attorneys for Plaintiff
                           268 ROUTE 59
                           Spring Valley, NY   10977
                           (845) 425-2510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

HOWARD KATZ

     Plaintiff                          Case No. 07-CV-8314

vs.

JOE ROBERT MOGUS
ALL THAT GLITTERS, INC.
------------------------------------------------------x

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS UPON DEFENDANT MOGUS FOR FILING A FRIVOLOUS MOTION AND FOR CONTEMPT OF COURT**

### **Introduction**

     This Memorandum of Law is submitted in Support of Plantiff's Motion for Sanctions. Defendant filed Motions which lacks any basis and on issues which were previously decided by the Court. Defendant did not comply with the Court's Order and negligently failed to withdraw his Motions. Rule 11 sanctions upon Defendant is the appropriate remedy in this matter.

### **Statement of Facts**

     Plaintiff hereby incorporates the facts contained in the Affirmation Support of Motion for Rule 11 Sanctions upon Defendant Mogus for Filing a Frivolous Motion and for Contempt of Court.

### **Discussion**

     Pursuant to Fed.R.Civ.P.11, a party, by signing a document to file in Federal Court, certifies that the document is not presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

In this instant, it is clear that defendant repeatedly filed motions to Dismiss, despite the fact that the matter was already decided by Honorable Jusge Izzary in the Eastern District Court.

Plaintiff is being prejudiced by such delay and Defendants' endless ploys to delay this case and spend Plaintiff's money for attorney's fees.

Defendant's Motion to Dismiss is groundless and lacking merit. Defendant has filed frivolous motion after frivolous motion in an attempt to avoid the litigation of this matter, and cause unnecessary delay and needless increase in the cost of litigation.

Rule 11 provides:

b) By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

It is clear that in the instant matter Defendant filed his motion(s) and failed to withdraw them in basd faith. Despite being directed by the Court in the November 6, 2007 order to review the motions and withdraw the one(s) which have already been decided, Defendant did not comply with the Order. It is clear that the Defendants intent is to cause unneccessary delay and costs in this litigation.

Interpretation of Rule 11 begins with its text. The Court must "interpret Rule 11 according to its plain meaning." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 391 (1990). " A pleading, motion or other paper violates Rule 11 either when it `has been interposed for any improper purpose [Fed.R.Civ.P. 11(b)(1)], or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law [Fed.R.Civ.P. 11(b)(2)].'" Jacques v. Dimarzio, Inc., 216 F.Supp.2d 139 (E.D.N.Y., 2002) (citing Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir.2002)). Compliance is measured by an objective standard: Rule 11 is violated "where it is patently clear that a claim has absolutely no chance of success." Jacques, supra, (citing Eastway Const. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir.1985)). Undeniably, Defendant was aware that his motions have no chance of success. He was Ordered by to Court to review and withdraw motions which were already decided but he failed to do so. Defendants conduct is frivolous and sanctionable pursuant to Rule 11.

**WHEREFORE,** It is respectfully requested that the Court impose sanctions upon Defendant pursuant to FRCP, Rule 11; that Motion(s) to Dismiss should be denied in their entirety and that Plaintiff be awarded his reasonable attorneys fees and costs in opposing these motions.

DATED: February 6, 2008
    Spring Valley, NY

                _____/s/_____
                Shmuel Klein (SK 7212) Fed Court Only
                Law Office of Shmuel Klein, PC
                Attorneys for Plaintiff
                268 ROUTE 59
                Spring Valley, NY   10977
                (845) 425-2510

**CERTIFICATE OF SERVICE**

    I, Shmuel Klein, an attorney admitted to practice in this court affirm under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old.  I am associated with the Law Office of Shmuel Klein located at 268 Route 59, Spring Valley, New York 10977 and I served the within Motion on February 6, 2008, by depositing a true copy thereof in an post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, to:

Joe Mogus
POB 422
Corvallis, OR 97339-0422


_____/s/_____
Shmuel Klein