UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HOWARD KATZ

       Plaintiff                        Case No. 07-CV-8314

vs.

JOE ROBERT MOGUS
ALL THAT GLITTERS, INC.
-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS UPON DEFENDANT MOGUS FOR FILING A FRIVOLOUS MOTION AND FOR CONTEMPT OF COURT

**Introduction**

      This Memorandum of Law is submitted in Support of Plantiff's Motion for Sanctions. Defendant filed Motions which lacks any basis and on issues which were previously decided by the Court. Defendant did not comply with the Court's Order and negligently failed to withdraw his Motions. Rule 11 sanctions upon Defendant is the appropriate remedy in this matter.

**Statement of Facts**

      Plaintiff hereby incorporates the facts contained in the Affirmation Support of Motion for Rule 11 Sanctions upon Defendant Mogus for Filing a Frivolous Motion and for Contempt of Court.

**Discussion**

      Pursuant to Fed.R.Civ.P.11, a party, by signing a document to file in Federal Court, certifies that the document is not presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

In this instant, it is clear that defendant repeatedly filed motions to Dismiss, despite the fact that the matter was already decided by Honorable Jusge Izzary in the Eastern District Court.

Plaintiff is being prejudiced by such delay and Defendants' endless ploys to delay this case and spend Plaintiff's money for attorney's fees.

Defendant's Motion to Dismiss is groundless and lacking merit. Defendant has filed frivolous motion after frivolous motion in an attempt to avoid the litigation of this matter, and cause unnecessary delay and needless increase in the cost of litigation.

Rule 11 provides:

> b) By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

It is clear that in the instant matter Defendant filed his motion(s) and failed to withdraw them in basd faith. Despite being directed by the Court in the November 6, 2007 order to review the motions and withdraw the one(s) which have already been decided, Defendant did not comply with the Order. It is clear that the Defendants intent is to cause unneccessary delay and costs in this litigation.

Interpretation of Rule 11 begins with its text. The Court must "interpret Rule 11 according to its plain meaning." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 391 (1990). " A pleading, motion or other paper violates Rule 11 either when it `has been interposed for any improper purpose [Fed.R.Civ.P. 11(b)(1)], or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law [Fed.R.Civ.P. 11(b)(2)].'" Jacques v. Dimarzio, Inc., 216 F.Supp.2d 139 (E.D.N.Y., 2002) (citing Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir.2002)). Compliance is measured by an objective standard: Rule 11 is violated "where it is patently clear that a claim has absolutely no chance of success." Jacques, supra, (citing Eastway Const. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir.1985)). Undeniably, Defendant was aware that his motions have no chance of success. He was Ordered by to Court to review and withdraw motions which were already decided but he failed to do so. Defendants conduct is frivolous and sanctionable pursuant to Rule 11.

**WHEREFORE,** It is respectfully requested that the Court impose sanctions upon Defendant pursuant to FRCP, Rule 11; that Motion(s) to Dismiss should be denied in their entirety and that Plaintiff be awarded his reasonable attorneys fees and costs in opposing these motions.

DATED: February 6, 2008
    Spring Valley, NY

                                              _____/s/_____
                                              Shmuel Klein (SK 7212) Fed Court Only
                                              Law Office of Shmuel Klein, PC
                                              Attorneys for Plaintiff
                                              268 ROUTE 59
                                              Spring Valley, NY   10977
                                              (845) 425-2510