UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

HOWARD KATZ,                                    :

           Plaintiff,                 :

    -against-                                 :

JOE ROBERT MOGUS, ET AL.,            :

                           :

           Defendants.
-----------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: _____        │
└─────────────────────────────────┘
```

**REPORT AND RECOMMENDATION**

07 Civ. 8314 (PKC)(KNF)

## I. INTRODUCTION

      This breach of contract action, brought by the plaintiff, Howard Katz ("Katz"), was transferred to this court, from the United States District Court for the Eastern District of New York, on September 10, 2007.  A defendant, Joe Robert Mogus ("Mogus"),[1] proceeding pro se, has made numerous applications, styled "motions" to dismiss (Docket Entry Nos. 15, 16 and 17), subsequent to the filing of his answer, and a "supplemental answer."

      Mogus alleges the court lacks personal jurisdiction over him and has asserted various evidentiary challenges as his bases for seeking an order of dismissal.  Katz opposes the "motions." He contends they are frivolous and relies upon the doctrines of res judicata and collateral estoppel to support his contention.

## II. BACKGROUND

      In the complaint Katz filed with the United States District Court for the Eastern District of New York, on February 2, 2006, he alleged an unpaid debt of $151,000.00 is owed to him by the

---

[1]A corporate entity, All That Glitters, Inc. ("ATG"), is also named as a defendant in this action. ATG was served with the summons and complaint more than two years ago.  According to Mogus, he is the sole officer and shareholder of ATG.  ATG's state of incorporation is unknown to the Court.  ATG has not appeared in the action to defend against the plaintiff's allegations.

defendants.  According to Katz, the debt arises out of the purchase and sale of 14 carat gold
jewelry.  Katz contends the jewelry was shipped to Mogus over a period of years, during the
course of the parties' business relationship, but the jewelry was neither paid for nor returned to
him.  Mogus answered the complaint, and filed a "supplemental answer" one day later.  Mogus
also moved, subsequently, for a change of venue, from the United States District Court for the
Eastern District of New York, to this judicial district, and filed seven "motions" to dismiss the
complaint.[2]

On October 27, 2006, the Honorable Dora L. Irizarry dismissed four of Mogus' "motions
to dismiss."  Thereafter, Judge Irizarry issued a Memorandum and Order dated September 7,
2007, denying the remainder of Mogus' "motions," which were also based, principally, on
allegations of improper venue and lack of jurisdiction.  Judge Irizarry determined that, under New
York law, the court had personal jurisdiction over Mogus because Katz had "made a prima facie
showing that defendants 'transacted business' in New York."

Mogus' venue-based "motions" to dismiss the complaint were also denied by Judge
Irizarry.  However, she found that "significant events material to Plaintiff's claim occurred within
the SDNY sufficient to justify venue in that district."  Thereafter, on September 10, 2007, the
action was transferred to this judicial district, based, in part, upon Mogus' apparent acquiescence
to this court as an appropriate forum, as stated in Eastern District of New York Docket Entry No.
42: ". . .let the Plaintiff refile in the Southern District [of New York]."

One month after the case was transferred to this court, Mogus submitted three new
"motions" to dismiss the complaint.  Two of the motions were premised on renewed claims that
the court lacked personal jurisdiction over him.[3]  By October 10, 2007, Mogus had submitted ten

---

[2]Mogus moved for dismissal on: May 30, 2006; June 26, 2006; July 18, 2006; September 29,
2006; November 3, 2006; November 6, 2006; and December 27, 2006.  Mogus also challenged
the plaintiff's evidence by way of a "motion" that sought the "exclusion of evidence," which was
denied, as "premature," on July 30, 2007.

[3]Mogus made the following "motions" to dismiss that are relevant to this analysis: 1) Docket Entry
No. 15 – "Motion for Dismissal (sic) Case 07 Siv (sic) 008314 (sic) evidence presented regarding
jurisdiction inappropriate too old beyond time limit unreasonably old;" 2) Docket Entry No. 16 –

(continued...)

different "motions" to dismiss in the two judicial districts. Mogus mailed another "motion" to the chambers of the undersigned magistrate judge on October 16, 2007. Mogus did not file that "motion" with the Clerk of Court for this judicial district. Mogus premised that "motion," for dismissing the complaint, on "continuing attorney misconduct, and chickanery (sic)."

Through an order dated November 6, 2007, Mogus was directed, inter alia, to review his various "motions," and "determine which [among them], if any, [ ] should be withdrawn because they pertain to issues already decided by the judicial officer who was assigned to this matter while it was pending in the United States District Court for the Eastern District of New York." The order also required Mogus to identify, for the Court, which of his "motion(s)," if any, raises issues that were previously not decided and, thus, remain to be resolved in this action.

In response to the November 6, 2007 order, Mogus informed the Court, through a writing dated November 15, 2007, that he was unwilling to withdraw three of his "motions" to dismiss because "this case is to (sic) important to [him]," and "[t]he issues raised in the motions are serious, issues of jurisdiction, the age of evidence, [and] the honesty of that evidence." Mogus elected to withdraw only the "motion" that he mailed to chambers, seeking a dismissal of the complaint based on "continuing attorney misconduct, and chickanery (sic)," and contended the remainder contemplate issues too "serious" to be withdrawn.

In letters he mailed to the chambers of the undersigned magistrate judge, dated November 6, 2007, and April 7, 2008, Mogus renewed his request for a change in venue. However, no concomitant motion seeking that relief was filed with the Clerk of Court for this judicial district. In the April 7, 2008 correspondence, Mogus offered the Court a quid pro quo: he would withdraw his "motions" in exchange for a transfer of this action to the United States District Court for the District of Oregon.

---

(...continued)
"Motion to Dismiss this case 07 Siv (sic) 008314 (sic) as evidence presented by Plaintiff false falsified and untrue and contradictory, manipulated. This warrants dismissal;" 3) Docket Entry No. 17 – "Motion for Dismissal (sic) Case No. 07 Siv (sic) 008314 (sic) due to lack of Prescence (sic) in this Jurisdiction minimal, not substantial part of business done."

### III. DISCUSSION

The papers submitted by a <u>pro se</u> litigant are to be construed liberally by a court, and read "to raise the strongest arguments that they suggest." <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001)(quotation omitted); <u>see also</u> <u>Bertin v. United States</u>, 478 F.3d 489, 491 (2d Cir. 2007). The Court has applied these standards in reviewing the various applications Mogus has made.

*Local Civil Rule 7.1*

Every motion and opposition filed with this court must, <u>inter alia</u>, be,"supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion." Local Civil Rule 7.1(a). Every "motion" Mogus has submitted to this court violates Local Civil Rule 7.1(a), in that it lacks a supporting memoranda. Mogus' <u>pro se</u> status does not excuse him from meeting the requirements of the Local Rules of this court. <u>See</u> <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92 (2d Cir. 1995). Given the volume of motion practice which has ensued since this action was commenced, Mogus' failure to comply with Local Civil Rule 7.1(a) appears to be willful. Accordingly, each of his "motions" may be denied on this basis alone. <u>See</u> Local Civil Rule 7.1(a).

*Law of the Case*

The law of the case doctrine requires that a "decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." <u>In re PCH Assocs.</u>, 949 F.2d 585, 592 (2d Cir. 1991)(citing 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice ¶ 0.404[1], at 117 [1991]). "The 'law of the case' doctrine may be properly invoked only if 'the parties had a 'full and fair' opportunity to litigate the initial determination.'" <u>Westerbeke Corp. v. Daihatsu Motor Co.</u>, 304 F.3d 200, 219 (2d Cir. 2002) (quoting <u>People v. Bilsky</u>, 95 N.Y.2d 172, 175, 712 N.Y.S.2d 84, 86 [2000]). The United States District Court for the Eastern District of New York denied Mogus' various "motions" to dismiss, most of which raised issues respecting venue and personal jurisdiction. It is uncontested that Mogus and Katz were afforded a full and fair opportunity to litigate the issues raised in those

motions while the action was pending in the transferor court.

A court has discretion to revisit a previous decision if it determines that "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'" is present in the case. Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992)(quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Mogus has failed to provide to the Court any facts or arguments that were not presented to or considered by the transferor court. Furthermore, he has failed to establish that a change in controlling law occurred, new evidence has been uncovered or that Judge Irizarry's decisions on his "motions" were clearly erroneous or, in some way, failed to prevent manifest injustice.

When the parties to a dispute have previously "'battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Virgin Atlantic Airways. Id. at 1255 (citation omitted). Resurrecting issues and making arguments repeatedly respecting matters decided previously, as Mogus has done, is inappropriate and taxes judicial resources unnecessarily. In the circumstance of the instant case, the Court finds no basis exists for disregarding the law of the case doctrine and revisiting the decisions made by Judge Irizarry on the challenges Mogus raised to venue and personal jurisdiction.

Although it is not necessary, for the sake of completeness, the Court has determined to analyze the theories for dismissing Mogus' "motions" urged by Katz. Katz maintains the doctrines of collateral estoppel and res judicata militate in favor of dismissing Mogus' "motions" to dismiss. Katz's reliance on the doctrine res judicata is misplaced, since that doctrine "bars subsequent litigation between the same parties and those in privity with them involving the same cause of action," after a final judgment on the merits has been rendered by a court of competent jurisdiction. Rezzonico v. H & R Block, 182 F.3d 144, 148 (2d Cir. 1999). The doctrine of res judicata does not apply to "direct attacks in the same case, but rather has application in subsequent actions." Id.

Katz's reliance on the doctrine of collateral estoppel is also misplaced. Collateral estoppel, also referred to as issue preclusion, "means [ ] that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Schiro v. Farley, 510 U.S. 222, 232, 114 S. Ct. 783, 790 (1994) (quoting Ashe v. Swenson, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194 [1970]). Inasmuch as this action is a continuation of the action commenced in the United States District Court for the Eastern District of New York, the doctrine of collateral estoppel is not relevant to the instant analysis.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the movant's "motions" to dismiss the complaint, Docket Entry Nos. 15, 16 and 17, be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Castel. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v.

<u>Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 58-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
    May 19, 2008

Respectfully submitted,

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Shmuel B. Klein, Esq.
Joe R. Mogus