UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

HOWARD KATZ,

           Plaintiff,

    -against-

JOE ROBERT MOGUS, ET AL.,

           Defendants.
------------------------------------------------------X

**MEMORANDUM AND ORDER**

07 Civ. 8314 (PKC)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court, in this breach of contract action, is a motion by plaintiff Howard Katz ("Katz") that the Court sanction defendant Joe Robert Mogus ("Mogus"), who is proceeding pro se, pursuant to Fed. R. Civ. P. 11. Katz seeks this relief due to the filing, by Mogus, of motions to dismiss this action anew, based on jurisdictional and evidentiary grounds, after substantially similar motions were determined to lack merit, by the judicial officer who presided over this action before it was transferred to this judicial district. Mogus has not opposed the instant motion.

## BACKGROUND

This action was transferred to this judicial district from the United States District Court for the Eastern District of New York, on September 10, 2007. Mogus made multiple motions to dismiss (Docket Entry Nos. 15, 16 and 17), subsequent to filing his answer and a "supplemental answer."

Through his motions, Mogus alleged in personam jurisdiction is lacking and, various evidentiary challenges warrant the dismissal of the plaintiff's complaint. Mogus made these motions despite the fact that substantially similar motions were denied previously, when the case was before the United States District Court for the Eastern District of New York. Katz opposed

1

the motions to dismiss filed in this judicial district, based on frivolity, and moved for sanctions, pursuant to Fed. R. Civ. P. 11 (Docket Entry No. 12).

By October 2007, Mogus had made ten motions to dismiss this action, inclusive of the motions he filed prior to the transfer of the action to this judicial district. Mindful of the law-of-the-case doctrine, through an order, dated November 6, 2007, the Court directed Mogus, inter alia to review the motions he had filed with this court and "determine which [among them], if any, [ ] should be withdrawn because they pertain to issues already decided by the judicial officer who was assigned to this matter while it was pending in the United States District Court for the Eastern District of New York." The order also required Mogus to identify, for the Court, which of his motions, if any, raise issues previously undecided, that remained to be resolved in this action.

In response to the November 6, 2007 order, Mogus informed the Court, through a writing dated November 15, 2007, that he was unwilling to withdraw the three motions to dismiss noted above, because "this case is to [sic] important to [him]," and "[t]he issues raised in the motions are serious, issues of jurisdiction, the age of the evidence, [and] the honesty of that evidence." However, Mogus advised the Court he had elected to withdraw a motion that he had mailed to the Court's chambers, but did not file with the Clerk of Court, seeking the dismissal of the complaint based on "continuing attorney misconduct, and chickanery [sic]." Thereafter, in April 2008 correspondence, Mogus offered the Court a quid pro quo: he would withdraw his motions in exchange for a transfer of this action to the United States District Court for the District of Oregon.

## DISCUSSION

The submissions of a pro se litigant are to be construed liberally by a court, and read "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). The Court has applied this standard in reviewing Mogus' motions in connection with its analysis of Katz's motion for Fed. R. Civ. P. 11 sanctions.

*Fed. R. Civ. P. 11 Sanctions*

Rule 11 of the Federal Rules of Civil Procedure obligates attorneys and parties "to refrain

2

from conduct that frustrates the aims of Rule 1" of the Federal Rules of Civil Procedure: a speedy, just and inexpensive determination of every action. See Fed. R. Civ. P. 11 Adv. Comm. Notes, 1993 Amend. Fed. R. Civ. P. 11 provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harrass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; . . .

Fed. R. Civ. P. 11(b); (b)(1) and (2); see also Business Guides, Inc. v. Chromatic Comm. Enter., Inc., 498 U.S. 533, 545-46, 111 S. Ct. 922, 930-31 (1991). If, after providing notice and a reasonable opportunity to respond, a court determines that Fed. R. Civ. P. 11(b) has been violated, it may impose an appropriate sanction upon the violator. See Fed. R. Civ. P. 11(c).

The standard for imposing Rule 11 sanctions is one of "objective unreasonableness" on the part of a party, a party's attorney or a pro se litigant who has signed and submitted papers to a court. See Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir. 1997). Mogus signed each of the motions to dismiss and each was submitted to the court. In doing so, Mogus certified each motion presented a non-frivolous argument for relief, when, in fact, each did not.

As discussed above, the Court ordered Mogus to determine which, if any, of his motions pertained to issues that were decided by the transferor court, and then to consider withdrawing any duplicative motions. Katz issued both oral and written cautions to Mogus regarding his intent to move for Rule 11 sanctions in the event that Mogus refused to withdraw motions that raised issues substantially similar to those decided by the transferor court. Mogus refused to withdraw three such motions.

After evaluating the record, generated in this court and in the United States District Court for the Eastern District of New York while the action was pending there, the Court finds the motions to dismiss the complaint (Docket Entry Nos. 15, 16 and 17) filed in this judicial district are repetitive and frivolous. As such, they expose Mogus to Fed R. Civ. P. 11 sanctions. See, e.g., Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995). In addition, no objectively

reasonable analysis could lead to the conclusion that presenting motions to a court for relief, under theories that had previously been rejected as meritless by a judicial officer, during an earlier stage of the litigation, is in keeping with either Fed. R. Civ. P. 1 and 11 or the law-of-the-case doctrine, which holds that a decision on an issue of law made at one stage of a case should continue to govern the same issue in subsequent stages of the same litigation. See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 815-16, 108 S. Ct. 2166, 2177 (1988). In the circumstance of the case at bar, the Court finds that Mogus violated Fed. R. Civ. P. 11 and that sanctioning him for violating that Rule is warranted.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for sanctions (Docket Entry No. 12) is granted. Mogus must, on or before July 18, 2008, pay $500.00 to the Clerk of Court, as a sanction, for violating Fed. R. Civ. P. 11.

Dated: New York, New York  
      July 1, 2008

SO ORDERED,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Shmuel B. Klein, Esq.  
Joe R. Mogus

4