```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-30-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HOWARD KATZ,

                        Plaintiff,          07 Civ. 8314 (PKC)(KNF)

           -against-                  ORDER ADOPTING REPORT
                                              AND RECOMMENDATION

JOE ROBERT MOGUS, ET AL.,

                        Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Howard Katz ("Katz") filed his pro se complaint on February 6, 2006 in this action for breach of contract against Defendant Joe Robert Mogus ("Mogus") in the United States District Court for the Eastern District of New York. On September 10, 2007, this case was transferred to this judicial district. On October 2, 2007, I referred this case to Magistrate Judge Fox for general pretrial matters. On May 14, 2009, Mogus filed a motion to dismiss, pursuant to Rule 41(b), Fed. R. Civ. P., for failure of the plaintiff to prosecute this action. (See Docket Entry No. 45.) On June 17, 2009, Katz filed a timely response, to which Mogus did not reply. On July 27, 2009, Mogus filed a motion to strike, in its entirety, Katz's June 17, 2009 submission, pursuant to Rule 12(f), Fed. R. Civ. P. (See Docket Entry No. 49.) Katz did not file an opposition to the motion to strike. On October 6, 2009, Judge Fox issued a Report and Recommendation ("R&R") recommending that this Court deny both of Mogus' pending motions. (R&R at 10.) On October 16, 2009, Mogus requested additional time to respond to the R&R, which was granted. On October 20, 2009, Mogus filed an objection to the R&R.

Mogus has timely filed Objections to the R&R. (Docket Entry No. 53.) Mogus only objects to the R&R with respect to the motion to dismiss for failure prosecute. (See Response to Recommendations of Magistrate Judge Fox Oct. 6, Docket No. 53 at 3 ("I understand to file [sic] this motion was an error . . . . [T]his filing was a mistake on my part." (with respect to the motion to strike).) I have reviewed the motions de novo and considered de novo the recommended rulings in the Report and Recommendation.

The R&R of Judge Fox is well reasoned and grounded in fact and in law. It is adopted in its entirety.

**Motion to Dismiss for Failure to Prosecute**

"[D]ismissal of an action under Rule 41(b) is considered a "'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). This is especially true when the plaintiff is a pro se litigant. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (noting that "pro se plaintiffs should be granted special leniency regarding procedural matters" and "deference is due to a district court's decision to dismiss a pro se litigant's complaint only when circumstances are sufficiently extreme").

The Second Circuit has "fashioned guiding rules that limit a trial court's discretion" when determining whether to dismiss for failure to prosecute. United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). Under these rules, district courts must consider five factors in determining whether dismissal pursuant to Rule 41(b) is proper: "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik(e) the

balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209 (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir.1988)). "[N]one of the five factors is separately dispositive." Id. at 210 (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

The R&R is correct in its conclusion that dismissal under Rule 41(b) is not warranted at this time based on its careful consideration of the factors outlined by the Second Circuit. See Lesane, 239 F.3d at 209.

**Motion to Strike**

The R&R soundly and wisely recommends denial of Mogus' motion to strike Katz's opposition to the motion to dismiss. Rule 12(f), Fed. R. Civ. P., allows a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See Granger v. Gill Abstract Corp., 566 F. Supp. 2d 323, 334 (S.D.N.Y. 2008). Rule 7(a), Fed. R. Civ. P., defines a pleading as "a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer." "Motions, declarations and affidavits are not pleadings." Granger 566 F. Supp. 2d at 335. As such, Rule 12(f) does not provide a procedural mechanism to strike statements contained in motion papers.

CONCLUSION

Upon a de novo review, the Court adopts the R&R (Docket No. 50), recommending that Mogus' motion to dismiss and motion to strike be denied.

Defendant's objection (Docket No. 53) is overruled.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
December 29, 2009