UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
HOWARD KATZ,                                          :

             Plaintiff,                          :

       -against-                            : **REPORT and RECOMMENDATION**

JOE ROBERT MOGUS & ALL THAT GLITTERS, INC.,   :     07 Civ. 8314 (PKC)(KNF)

           Defendants.                       :
--------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Howard Katz ("Katz"), proceeding pro se, brings this action against the defendants, Joe

Robert Mogus ("Mogus") and All That Glitters, Inc., asserting claims for breach of contract and

account stated.  Before the Court is Mogus' motion for summary judgment.

## II. BACKGROUND

In his complaint, Katz alleges, over a six-year period, he sent to Mogus "various items of

gold jewelry" for Mogus to show his clients.  Mogus "often sold" Katz's jewelry and paid Katz

for the sold items; however, Mogus allegedly retained "numerous" unsold items.  Katz contends

the retained jewelry is worth $151,000.  He maintains Mogus promised to pay him for the

retained jewelry, "and did make periodic payments from time to time," but has refused to pay the

balance.

On December 3, 2009, Mogus filed the instant motion for summary judgment.[1]  Mogus contends he is entitled to summary judgment because Katz never responded to his "interrogatories"[2] – sent four times, first, on December 8, 2008, and, most recently, on July 24, 2009 – and, thereby, admits the matters, pursuant to Fed. R. Civ. P. 36(a)(3).  The questions are as follows:

> "1. IN THE 6YRS REFERENCED IN THE COMPLAINT DID PAYMENTS RECEIVED BY YOU, H.KATZ EXCEED JEWELRY BILLED TO ALL THAT GLITTERS INC.?
> 2. HAVE YOU HOWARD KATZ MANIPULATED OR FALSIFIED DOCUMENTS PRESENTED TO THE COURT AS TRUE?
> 3. WAS IT TRUE TO SAY THAT MR JOE MOGUS LIVED IN THE EASTERN DISTRICT OF NEW YORK AS STATED IN THE COMPLAINT?
> 4. WAS IT TRUE TO SAY THAT MR MOGUS LIVED IN NEW YORK?
> 5. DID YOU EVER EXCEPT ANY INVITATION TO MEET WITH MR MOGUS TO RESOLVE ISSUES DESCRIBED IN THE COMPLAINT?
> 6. HOWARD KATZ DID YOU EVER SEND A BILL TO ALL THAT GLITTER SIGHTING THE AMOUNT 151,000 DOLLARS?
> 7. HOWARD KATZ IS 151,000 DOLLARS A TRUTHFUL AMOUNT REGARDING MONIES OWED?
> 8. HOWARD KATZ DID YOU AND MR JOE MOGUS EVER SIGN A CONTRACT OF ANY KIND REGARDING JEWELRY ITEMS SENT ALL THAT GLITTERS?
> 9. WILL YOU BE PRESENTING A CONTRACT SIGNED BY MR JOE MOGUS TO THE COURT?
> 10. HOWARD KATZ HAVE YOU MADE FALSE STATEMENTS TO

---

[1] In doing so, Mogus violates Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which requires a party moving for summary judgment to submit "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Failure to comply with this rule, alone, provides sufficient ground to deny Mogus' motion.  See Local Civil Rule 56.1(a).

[2] Though Mogus refers to his "10 brief questions" as "interrogatories," subject to Fed. R. Civ. P. 33, they are actually styled as requests for admissions, subject to Fed. R. Civ. P. 36.  While "[l]itigants can formulate their own answers to interrogatories . . . . [r]equests for admissions . . . are formulated by the requesting party and are closed–ended." 8B C.Wright, A.Miller, R.Marcus, Fed. Prac. & Proc. § 2253 (3d ed.). Insofar as Mogus sought only an admission or denial to each question, the Court will treat his questions as requests for admissions under Rule 36.

THIS COURT AND THE COURT US DISTRICT COURT EASTERN DISTRICT?"

The questions are dated December 4, 2008, though a handwritten note in the lower right-hand corner of the paper, requesting a "30 day response," is dated December 9, 2008.  Another handwritten notation, in the lower left-hand corner of the document, ordering Katz to "admit or deny and sign," is dated April 23, 2009.[3]  Mogus submits, to the Court, a receipt from the United States Postal Service, dated July 24, 2009, which he claims is proof of his most recent mailing of the questions to Katz.  Mogus also attaches, as an exhibit to his motion for summary judgment, a letter, dated February 16, 2009, in which Mogus tells Katz "[t]hese questions <u>must</u> be answered."  In another letter, simply dated December, Mogus alerts Katz that he must answer the questions presented, but adds "you can answer now in writing, or verbally before the court."

Katz opposes the motion.  He claims the parties agreed, among themselves, that "interrogatories" would be answered verbally in court.  In his reply papers, Mogus denies making such an agreement.

### III. DISCUSSION

*A. Standard of Review for Summary Judgment*

Summary judgment should be granted, in favor of the moving party, "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see</u> <u>also</u> <u>Salahuddin v. Goord</u>, 467 F.3d 263, 272 (2d Cir. 2006); <u>D'Amico v. City of New York</u>, 132 F.3d 145, 149 (2d Cir. 1998), <u>cert</u>. <u>denied</u>, 524 U.S. 911, 118 S. Ct. 2075

---

[3]In a second version of this document, submitted with Mogus' reply papers, this notation is not dated.

(1998). When considering a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L. B. Foster Co. v. America Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 [1986]).

The moving party bears the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law . . . .' An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 212 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 [1986]). Once the moving party has satisfied its burden, the non-moving party must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  The non-moving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256, 106 S. Ct. at 2514.

In the instant case, Mogus has failed to meet his initial burden of establishing no genuine issue of material fact exists.  Fed. R. Civ. P. 36(a)(3) provides that a matter in a written request for admission is "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection[.]"  However, Mogus has provided insufficient proof that he served his ten questions on Katz.  For example, Mogus contends he first sent his questions to Katz on December 8, 2008, yet a handwritten notation on the questions is dated December 9, 2008. Though Mogus submits, to the Court, a

4

receipt from the United States Postal Service, concerning a mailing to Katz, there is no evidence

to support Mogus' contention that he mailed the questions that day, and did not mail an unrelated

writing.[4]  Moreover, the slight variation in the two versions of the documents presenting the

questions raises suspicions about their authenticity.[5]

Assuming, arguendo, the exhibits Mogus submits are credible and admissible, see Ehrens

v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004) (district court may only rely on admissible

evidence in considering a motion for summary judgment), and the Court deems all Mogus'

questions admitted by Katz, no material fact has been resolved.  The key inquiry in this case –

whether Mogus retains possession of certain items of jewelry belonging to Katz, for which

Mogus has not paid Katz – remains unanswered.  Accordingly, it would be inappropriate to grant

summary judgment in this case.

*B. Affidavit Submitted in Bad Faith*

This action was transferred, from the United States District Court for the Eastern District

of New York ("Eastern District"), to this judicial district, on September 10, 2007.

Approximately one month later, Mogus filed three motions to dismiss.  In a November 6, 2007

order, the Court directed Mogus to decide which of his three motions to dismiss "should be

withdrawn because they pertain to issues already decided by the judicial officer who was

assigned this matter while it was pending" in the Eastern District.  Mogus declined to withdraw

---

[4] In any event, the time to complete pretrial discovery in this action ended on July 6, 2009.  Therefore, had Mogus sent his requests for admission on July 24, 2009 – the date recorded on the receipt Mogus provided – he did not serve them timely.  See 8B C.Wright, A.Miller, R.Marcus, Fed. Prac. & Proc. § 2257 (3d ed.) (noting requests for admissions are "subject to discovery cutoff dates").

[5] When dealing with Rule 36, "technical considerations [should] not be allowed to prevail to the detriment of substantial justice[.]"  8B C.Wright, A.Miller, R.Marcus, Fed. Prac. & Proc. § 2252 (3d ed.).

any of the motions and, on June 30, 2008, your Honor adopted the undersigned's report and recommendation that Mogus' motions be denied.  Subsequently, the Court sanctioned Mogus $500 for filing "repetitive and frivolous" motions.

On May 14, 2009, Mogus filed another motion to dismiss, pursuant to Fed. R. Civ. P. 41(b), for failure of the plaintiff to prosecute this action.  On December 29, 2009, your Honor adopted the undersigned's report and recommendation that Mogus' motion to dismiss be denied. Prior to that determination, Mogus filed the motion for summary judgment that is the subject of this Report.  Mogus has demonstrated a penchant for filing motions and the Court, based on its familiarity with the case, is convinced that his latest motion has been submitted in bad faith, intended merely to delay resolution of this action.  Given the circumstances, it would be appropriate for the court to consider taking punitive measures to ensure "the just, speedy, and inexpensive determination of every action and proceeding."  See Fed. R. Civ. P. 1; see also Fed. R. Civ. P. 11(b)(1) (unrepresented party submitting motion to the court certifies "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"); Fed. R. Civ. P. 56(g) (authorizing court to hold party in contempt for submitting affidavit in support of summary judgment in bad faith).

## IV. RECOMMENDATION

For the reasons set forth above, I recommend Mogus' motion for summary judgment, Docket Entry No. 54, be denied.  I recommend further that the court exercise its authority, under the Federal Rules of Civil Procedure, to guard against unnecessary delay in the resolution of this action.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the

parties shall have fourteen (14) days from service of this Report to file written objections. See

also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the

Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel,

500 Pearl Street, Room 2260, New York, New York 10007, and to the chambers of the

undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an

extension of time for filing objections must be directed to Judge Castel. FAILURE TO FILE

OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF

OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S.

140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993);

Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-

59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
March 18, 2010

Respectfully submitted,

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Howard Katz
Joe Mogus

7