```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-22-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HOWARD KATZ,

                        Plaintiff,                07 Civ. 8314 (PKC)(KNF)

      -against-                              ORDER ADOPTING REPORT
                                                   AND RECOMMENDATION

JOE ROBERT MOGUS & ALL THAT
GLITTERS, INC.,

                        Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        On February 6, 2006, plaintiff Howard Katz ("Katz") commenced this breach of contract action, relating to the sale of gold jewelry, against defendant Joe Robert Mogus ("Mogus") in the United States District Court for the Eastern District of New York. On September 10, 2007, this case was transferred to this judicial district. The plaintiff and defendant Mogus are proceeding pro se, and on October 2, 2007, I referred this case to Magistrate Judge Fox for general pretrial supervision.

        On May 14, 2009, Mogus filed a motion to dismiss, pursuant to Rule 41(b), Fed. R. Civ. P., for failure of the plaintiff to prosecute this action. (See Docket No. 45.) On June 17, 2009, Katz filed a timely response, to which Mogus did not reply. On July 27, 2009, Mogus filed a motion to strike, in its entirety, Katz's June 17, 2009 submission, pursuant to Rule 12(f), Fed. R. Civ. P. (See Docket No. 49.) Katz did not file an opposition to the motion to strike. On December 29, this Court adopted the Report and Recommendation of Magistrate Judge Fox that Mogus's motion to dismiss be denied.

Mail 4/22/10

Mogus has moved for summary judgment dismissing the action. On March 18, 2010, Magistrate Judge Fox issued a Report and Recommendation (the "R&R") recommending that this Court deny the motion. (R&R at 6.)

Mogus has timely filed Objections to the R&R. (Docket No. 61.) Although labeled as an objection, Mogus only contests Magistrate Judge Fox's reference to the "penchant of motions" that he has filed in this case and asks that sanctions not be imposed. Mogus reiterates his complaints regarding the interactions that he has had with defendant throughout this action, which he largely raised in prior motions. (See Response to Recommendation Regarding Motion for Summary Judgment, Docket No. 61 at 1-2.) Mogus simply asserts that his motion for summary judgment should be granted because plaintiff did not respond to his "interrogatories." He does not otherwise address the merits of the R&R other than to ask that the Court not impose sanctions.

I have reviewed and considered the motions and the R&R de novo. I conclude that the R&R of Magistrate Judge Fox is well-reasoned and grounded in fact and in law. It is adopted in its entirety.

SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. It is the initial burden of a movant on a summary judgment motion to come forward with evidence on each material element of his claim or defense, demonstrating that he is entitled to relief. A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477

2

U.S. 242, 248 (1986). The evidence on each material element must be sufficient to entitle the movant to relief in its favor as a matter of law. Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

When the moving party has met this initial burden and has asserted facts to demonstrate that the non-moving party's claim cannot be sustained, the opposing party must "set out specific facts showing a genuine issue for trial," and cannot rest "merely on allegations or denials" of the facts asserted by the movant. Rule 56(e)(2), Fed. R. Civ. P. In raising a triable issue of fact, the nonmovant carries only a "limited burden of production," but nevertheless "must 'demonstrate more than some metaphysical doubt as to the material facts,' and come forward with 'specific facts showing that there is a genuine issue for trial.'" Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004) (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993).

An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d. Cir. 1995) (internal quotations and citations omitted); accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). In reviewing a motion for summary judgment, the court must scrutinize the record, and grant or deny summary judgment as the record warrants. Rule 56(c). In the absence of any disputed material fact, summary judgment is appropriate. Id.

Mere "conclusory statements, conjecture, or speculation by the party

resisting the motion will not defeat summary judgment." Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996) (citing Matsushita, 475 U.S. at 587); see also Anderson, 477 U.S. at 249-50 (noting that summary judgment may be granted if evidence is "merely colorable" or "not significantly probative") (citations omitted). "An opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions." Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 n.14 (2d Cir. 1981).

DISCUSSION

Mogus contends that he is entitled to summary judgment because Katz never responded to his "interrogatories," which he sent four times from December 8, 2008 through July 24, 2009. Katz opposes the motion, claiming that the parties agreed that "interrogatories" would be answered orally in court. Mogus denies that such an agreement was reached by the parties

Mogus has not come forward with evidence which, if believed, would entitle him to judgment in his favor. The claim arises out of a dispute regarding whether Mogus unlawfully retained possession of jewelry items belonging to Katz. Mogus claims to have served "interrogatories" on Katz, and references Rule 36, Fed. R. Civ. P., to support his assertion that the unanswered interrogatories should be deemed admitted. Mogus's "interrogatories" are phrased as closed-ended questions requesting admissions from the plaintiff. As such, they were properly treated as requests for admissions under Rule 36 by Magistrate Judge Fox.

Rule 36 states that matters in written requests for admissions are "admitted unless, within 30 days after being served, the party to whom the request is directed serves on

4

the requesting party a written answer or objection." For the reasons explained in the R&R, Mogus has failed to provide sufficient evidence that his requests were served on Katz and, therefore, they cannot be deemed admitted under Rule 36(a)(3).

Furthermore, even if the Court were to deem all of Mogus's requests to have been admitted by Katz, there still remain material issues of fact which would prevent summary judgment from being entered in this case. For example, a dispute remains as to whether Mogus is in possession of the items of Katz's jewelry that are subject of this action. Because the issue of possession of the jewelry is a material issue in this case, summary judgment must be denied.

## CONCLUSION

Upon a de novo review, the Court adopts the R&R (Docket No. 59), recommending that Mogus's motion for summary judgment be denied.

Rule 16, Fed. R. Civ. P., empowers district courts to control and schedule discovery and other pretrial matters. It permits the adoption of "special procedures for managing potentially difficult ... actions that may involve ... unusual proof problems." Rule 16(c)(2)(L). This action has become difficult because of the unusual proof problems presented by a pro se plaintiff and defendant. The Court may otherwise "facilitat[e]" the "just, speedy, and inexpensive disposition of the action." Rule 16(c)(2)(P). Taking the entirety of the record of this case into account, this Court hereby orders that no motion be filed by any party to this action without the written permission of Magistrate Judge Fox or the undersigned, except for motions described in Rule 6(b), Fed. R. Civ. P., or Rule

4(a)(4)(A), Fed. R. App. P. If a party seeks to make a motion of the type included in this Order, he shall first write a letter to the Court with a copy to the other side.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      April 22, 2010